**Franklin D. ROSE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45586.**

Court of Criminal Appeals of Texas.

July 12, 1972.

John T. Forbis, Childress, for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

### OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of driving a motor vehicle while intoxicated, subsequent offense. Punishment was assessed by the court at one year.

The sole ground of error is that appellant was denied the right to make argument to the court after the evidence had closed.

The record shows that the appellant waived his right to a jury trial and entered a plea of guilty before the court. He was duly admonished and the evidence was presented. Thereafter, both the state and the defense announced that they closed. The following then occurred:

"THE COURT: Mr. Rose, would you stand, please, sir?

As you were informed previously by this Court, if you persisted in entering your plea of guilty, the Court would hear evidence, and if the evidence in connection with your plea showed that you were guilty beyond a reasonable doubt, the Court would find you guilty and assess your punishment within the limits prescribed by Law.

"You persisted in pleading guilty, and the Court has heard the evidence in this case, and in the opinion of the Court, you are guilty beyond a reasonable doubt of the offense charged in the Indictment, and the Court fixes your punishment at confinement in the Texas Department of Corrections for a term of one year."

No objection was addressed to the court's prompt pronouncement of judgment, nor was a request made for argument. The contention was raised for first time on · motion for a new trial. Since this was a plea of guilty before the court, we fail to see any harm shown.

Appellant orally argued before this court that had he not been deprived of argument he could have pleaded for probation. True, but he could have done so prior to sentence. No error is shown.

The judgment is affirmed.